**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000734
30-NOV-2018
09:32 AM**

NO. CAAP-16-0000734

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
GREGORY B. STOUTE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DCW-16-0000676)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Reifurth, JJ.)

Appellant-Defendant Gregory B. Stoute (Stoute) appeals from the September 2, 2016 District Court of the Second Circuit, Wailuku Division (District Court)[1] Judgment and Notice of Entry of Judgment (Judgment). After a bench trial, the District Court convicted Stoute of Promoting a Detrimental Drug in the Third Degree (Promoting Drugs 3), in violation of Hawaii Revised Statutes (HRS) § 712-1249(1) (2014),[2] and sentenced him to five days in jail.

On appeal, Stoute contends that the District Court did not obtain an on-the-record waiver of his constitutional right to counsel and did not obtain a valid waiver of Stoute's right to

---

[1] The Honorable Adrianne N. Heely presided.

[2]
> **Promoting a detrimental drug in the third degree.** (1) A person commits the offense of promoting a detrimental drug in the third degree if the person knowingly possesses any marijuana or any Schedule V substance in any amount.

HRS § 712-1249.

testify in his own defense at trial. In addition, he argues there was insufficient evidence to support his conviction.

Upon review of the record on appeal and the relevant legal authorities, giving due consideration to the issues presented and the arguments raised by the parties, we resolve the issues presented as follows and reverse the District Court's Judgment.

Stoute argues that insufficient evidence to support his conviction for Promoting Drugs 3 was presented as the State failed to present evidence that he possessed "marijuana" as defined.

> The standard of review for sufficiency of the evidence is well established; namely, whether, upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, the evidence is sufficient to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt. Sufficient evidence to support a prima facie case requires substantial evidence as to every material element of the offense charged. Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. Under such a review, we give full play to the right of the fact finder to determine credibility, weigh the evidence, and draw justifiable inferences of fact.

State v. Grace, 107 Hawai'i 133, 139, 111 P.3d 28, 34 (App. 2005) (block quote format changed) (quoting State v. Ferrer, 95 Hawai'i 409, 422, 23 P.3d 744, 757 (App. 2001)).

Promoting Drugs 3 requires proof of knowing possession of "marijuana" in any amount.[3]

> "Marijuana" means any part of the plant (genus) cannabis, whether growing or not, including the seeds and the resin, and every alkaloid, salt, derivative, preparation, compound, or mixture of the plant, its seeds or resin, except that, as used herein, "marijuana" does not include hashish, tetrahydrocannabinol, and any alkaloid, salt, derivative, preparation, compound, or mixture, whether natural or synthesized, of terahydrocannabinol.

HRS § 712-1240 (2014).

The State agrees with Stoute's argument that the State failed to establish that "marijuana" found in Stoute's possession was from any part of the cannabis plant. Because this Court must "ascertain that the [prosecution's] confession of error is

---

[3] Possession of a "Schedule V" substance is also a violation of HRS § 712-1249, but Stoute was not charged with such possession.

2

supported by the record and well founded in law," State v. Fagaragan, 115 Hawai'i 364, 368, 167 P.3d 739, 743 (2007), we must conduct our own examination of the matter conceded by the State.

Our review of the record confirms the State's concession. Although the State attempted to establish that the presence of THC and cystolith fibers[4] in the "green vegetation" recovered in evidence indicated it to be "marijuana," the State presented no evidence that said vegetation was "part of the plant (genus) cannabis" for purposes of HRS §§ 712-1240 and 712-1249(1). Therefore, there was insufficient evidence to support Stoute's conviction for Promoting Drugs 3.

Our resolution in Stoute's favor makes it unnecessary to address the other issues raised in his appeal.

For the foregoing reasons, we reverse the September 2, 2016 Judgment and Notice of Entry of Judgment entered by the District Court of the Second Circuit, Wailuku Division.

DATED: Honolulu, Hawai'i, November 30, 2018.

On the briefs:

Benjamin E. Lowenthal,
for Defendant-Appellant.

Chief Judge

Richard K. Minatoya,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

---

[4]    It has been noted that there are hundreds of plants with cystolith hairs and dozens of plants with such hairs similar to those found on cannabis plants. People v. Brisco, 397 N.E.2d 160, 163 (Ill. App. Ct. 1979); People v. Reardon, 376 A.2d 65, 66 (Conn. 1977).

3